## MARKLEY v. HULL.

1. **Promissory Note : INNOCENT HOLDER.** Evidence considered which was held sufficient to establish the fact of a *bona fide* transfer of a promissory note for value before maturity.

*Appeal from Van Buren Circuit Court.*

SATURDAY, APRIL 26.

ACTION upon a promissory note, of which the following is a copy:

"$100.                                    OCTOBER 1, 1873.

"Twelve months after date we promise to pay to the order of James Ewing, or bearer, one hundred dollars, for value received, negotiable and payable without defalcation or dis-

count, and with interest from date at the rate of ten per cent per annum.

"D. L. HULL,

"J. W. HOBSON."

On the back of said note are the following indorsements:

"I assign the within note to Samuel Nash, for value received, this 25th day of December, 1873.

"JAMES EWING."

"For value received I assign the within note to C. F. Markley, this, the 14th day January, 1876.

"JAMES EWING."

The indorsement of date of December 25, 1873, is crossed out.

The defendant denied the execution of the note, and averred it was a forgery; that he never signed the same, nor authorized any one to sign it for him. There was a further defense of want of consideration, by reason of a fraud practiced by said James Ewing upon the defendant in the sale of certain lands by said Ewing to defendant. In this defense it is averred that the defendant bargained with said Ewing for a tract of land, and in said bargain gave his note for one hundred dollars, payable in one year from date, as he now remembers, with the condition expressed in said note that the land was free from incumbrance, and it was clearly expressed in said note that if the land was incumbered said note was not to be paid, he having at the time paid the full value of said land, except said note, and that was the only note he had ever signed or executed to said Ewing. It is further averred that when he came to examine the title to the land so bought he found it incumbered for more than it was worth.

There was a trial by the court and a judgment for the plaintiff. Defendant appeals.

*Trimble & Baldwin,* for appellant.

*Lea & Beaman,* for appellee.

Markley v. Hull.

ROTHROCK, J.—I. The first question made is as to the sufficiency of the evidence of the genuineness of the defendant's signature to the note.

That the defendant gave a note to Ewing for one hundred dollars is not denied. But the defendant testifies that the note he signed had conditions incorporated in it. He also testifies that he signed the note with his own hand. Ewing testifies that the note in suit was the one given by the defendant. He admits that defendant did not sign it, but that one Hobson, who signed the note as surety for defendant, signed the defendant's name at defendant's request. Under these circumstances we cannot interfere with the finding of the court that the note was executed by the defendant. There is a conflict in the evidence, and the question must remain as settled by the Circuit Court.

II. The same may be said as to the defense of fraud and a want of consideration, as applied to the plaintiff, who is an 1. PROMISSORY indorsee of the note. Ewing testifies as follows: note: innocent holder. "I first transferred the note to Samuel Nash, December 25, 1873. Nash presented the note for payment through the express company at Dowd's station, and whatever was Hull's excuse for not paying it I do not know, but the note was returned to Nash, and Charles F. Markley (plaintiff) bought the note from Nash. I signed my name on the note the second time for the purpose of releasing Nash on the note. The note was never presented to Hull for payment in my own name by me, or by any one for me, as I did not own the note when it became due."

The plaintiff testified as follows: "I cannot just remember when I became the owner of the note sued on. Paid seventy-five dollars for the note when I purchased it. Knew the note had been sent to Dowd's station, Iowa, for collection, but knew of no defense to the note at the time I purchased it. * * * * *"

We think this is a sufficient showing that Ewing was not the owner of the note when it became due; that he had sold

it to Nash, and that Nash afterward sold it to the plaintiff, and wishing to avoid liability on an indorsement the transfer to him was erased, and a new one made by Ewing to Markley.

It is true Markley does not in terms testify that he bought the note of Nash, but Ewing does so testify. It is urged that Ewing is not entitled to belief because he practiced a fraud upon the defendant in the sale of the land, and for inconsistent and contradictory statements made by him in his evidence. But on the other hand it appears that the defendant's evidence is also subject to criticism. The cause was twice tried, and his evidence on the last trial is not altogether consistent with his evidence on the first trial.

It is true, some two or three witnesses testify that there was no indorsement on the note when it was first sent for collection, but we are not prepared to say that the judge of the court below, with the witnesses before him, was moved by passion or prejudice when he found that the note was indorsed and transferred to an innocent holder before due, and that the plaintiff purchased it in good faith of such innocent holder.

AFFIRMED.